# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN CLARK, on behalf of minor LOGAN CLARK,<br><br>Plaintiff,<br><br>v.<br><br>CORY LANDON COOMBES, WASHOE COUNTY SCHOOL DISTRICT POLICE, et. al.,<br><br>Defendants | Case No.: 3:18-cv-00579-MMD-WGC<br><br>**Order**<br><br>Re: ECF Nos. 1, 1-1 |

Plaintiff Justin Clark, on behalf of minor Logan Clark, has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## **II. SCREENING**

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395

U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

The complaint alleges that on December 7, 2016, Officer Cory Coombes, of the Washoe County School District Police, responded to an altercation at Procter R. Hug High School in Reno, Nevada. Plaintiff avers that when Officer Coombes arrived, he did not identify himself as school police and did not attempt to get into the view of minor Logan Clark. Instead, Coombes stayed out of Logan Clark's line of sight and yelled, "get back." He then shot Logan Clark in the torso, severely wounding him. The complaint also alleges that the Washoe County School District Police did not dispatch any other officers to the scene until after Logan Clark had been shot, if they

3

dispatched any other officers at all. Plaintiff contends that Officer Coombes did not give Logan Clark a warning before shooting him, which could have avoided the shooting.

The complaint makes reference to both the Eighth Amendment and the Fourth Amendment, but Plaintiff's claims are appropriately analyzed under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (claims of excessive force are evaluated under the Fourth Amendment); *see also Smith v. City of Hemet,* 394 F.3d 689, 700 (9th Cir. 2005) (en banc) ("A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in *Graham v. Connor*."). Claims of excessive force apply an "objective reasonableness" standard. *Id*.

Plaintiff includes minimal facts, but the court nevertheless finds that he states a colorable claim for excessive force under the Fourth Amendment against Officer Coombes.

As to the Washoe County School District Police, under Nevada law, "in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 112 Nev. 232, 237-38, 912 P.2d 816, 819 (Nev. 1996). Washoe County may be a proper defendant; however, a municipality may not be sued under a respondeat superior theory. *Horton v. City of Santa Maria,* --- F.3d ---, 2019 WL 405559, at * 8 (9th Cir. Feb. 1, 2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-95 (1978)). Instead, municipalities can be liable for the infringement of constitutional rights only under certain circumstances. *Monell,* 436 U.S. 658, 690-95. "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton,* 2019 WL 405559, at *8. "A plaintiff must therefore show '*deliberate* action

attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id*. (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 415 (1997)).

Plaintiff's only allegation against the Washoe County School District Police is that they did not dispatch any other officers to the scene, if at all, until after the shooting, but Plaintiff does not allege any facts to show how this in turn violated his constitutional rights. Therefore, the Washoe County School District Police will be dismissed from the action. Plaintiff will be given leave to amend to assert a claim against a viable defendant, i.e., Washoe County, and assert factual allegations giving rise to a claim under *Monell*. If an amended complaint is not filed within the time frame set forth below, the complaint will proceed only on the Fourth Amendment claim against Officer Coombes.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint shall **PROCEED** with the Fourth Amendment excessive force claim against Officer Cory Coombes;

(4) Washoe County School District Police is **DISMISSED** from the action; however, Plaintiff has leave to amend to assert a claim against a proper defendant with allegations giving rise to a claim under *Monell*, as outlined above. Plaintiff has **30 days** from the date of this Order to file an amended complaint in this regard. The amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint. Any allegations, parties or requests for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days,

5

the action will proceed solely on the Fourth Amendment excessive force claim against Officer Cory Coombes.

(5) The Clerk shall **ISSUE** a summons for defendant Cory Coombes and send Plaintiff a copy of the complaint and service of process form (USM-285). Plaintiff has **20 days** to complete the USM-285 form(s) and return to the U.S. Marshal to complete service on Officer Coombes. Within **20 days** of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the court indicating whether the defendant was served. If the defendant was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted. Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order.

(6) If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 and Local Rule 26-4 that is supported by a showing of good cause. If Plaintiff seeks an extension of time to complete service, the motion must also be filed *before* the expiration of the 90-day deadline.

(7) Once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the person served.

The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

**IT IS SO ORDERED**.

Dated: February 20, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge